UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

    Plaintiff,   Civil No. 2:13-CV-13437-DT
                                   HONORABLE LAWRENCE P. ZATKOFF
v.                                             UNITED STATES DISTRICT JUDGE

CARMETA JONES, BRENDA UPTON,
CONNIE IVES, LAURIE FRY, CAREN
ALBERCOOK, and RANDALL HAAS,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    Presently before the Court is Plaintiff Martin Hagopian's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for failing to state a claim upon which relief can be granted.

**I. Standard of Review**

    Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>                     * * * * *
>     (B) the action or appeal:
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

## II. Complaint

Plaintiff alleges that on March 18, 2013, he was sent to the Allegiance Hospital in Jackson, Michigan because his foot was swollen and in pain. Personnel at the emergency room diagnosed the condition as arthritis. The doctor at the hospital prescribed Norottens to relieve the pain. Plaintiff also asked the doctor to allow him to have his own basin tub to soak his foot. When plaintiff returned to the Parnall Correctional Facility, defendant Laura Fry, a nurse practitioner, denied plaintiff the pain medication but did order foot soaks once a day.

On March 21, 2013, plaintiff went to have his daily foot soak. The water was placed in the tub by defendant Carmeta Jones, another nurse at the Parnall Correctional Facility. After having his foot in the tub for several minutes, plaintiff looked down and noticed that his foot was red and that raw skin was scaling to the top of the water. Because plaintiff suffers from diabetic neuropathy, he did not initially notice that the water in the tub was hot. Plaintiff alerted defendant Jones to the fact that the water was scalding hot. Defendants Connie Ives, the Health Unit Manager, Brenda Upton, the supervisor, and Dr. Caren Albercook, also came over and looked at plaintiff's foot. Plaintiff claims that as a result of his foot being placed in the hot water, he suffered a second degree burn. Plaintiff states that one of the defendants placed a dressing on his foot and sent him to Duane Waters Health Center.

At the Duane Waters Health Center, plaintiff was diagnosed with having a second-degree

burn. The doctor at Duane Waters Health Center ordered medical personnel at Parnall Correctional Facility to change plaintiff's dressing twice a day. Plaintiff was ordered to stay in bed and was given a wheelchair. The following day, plaintiff was placed on an antibiotic. Plaintiff claims that he continued to be in a lot of pain and was losing weight. Plaintiff was then placed on Alltrams, a pain medication. On April 15, 2013, plaintiff was taken to the Allegiance Hospital for debreeding of his right foot to assist with the burn.

On April 24, 2013, plaintiff noticed that the maintenance staff at Parnall Correctional Facility placed a sign in the health care unit advising staff members "Attention all staff check temperature of water it will be hot."

Plaintiff seeks monetary damages and also asks that defendant Jones be suspended from her job and receive more training.

### III. Discussion

Plaintiff's claim is subject to dismissal because he has merely alleged that the defendant or defendants acted negligently in placing his foot into hot water in the basin tub without first determining the water's temperature.

This Court notes that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original). *See also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, a complaint that a doctor or other medical personnel has been negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical

mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Sanderfer v. Nichols,* 62 F. 3d 151, 154 (6th Cir. 1995). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.  Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008).

Plaintiff's claim that defendant Jones placed his foot in scalding hot water alleges, at worst, that the defendants were negligent in failing to protect Plaintiff from such hazardous conditions, and thus does not state a claim for relief under § 1983. *Daniels v. Williams,* 474 U.S. at 332. *See also Jones v. University of Texas Medical Branch Hosp. Galveston,* 236 Fed. Appx. 931, 932 (5th Cir. 2007)(nurse's alleged failure to check on prisoner after applying heat pack, which resulted in burn, constituted at most negligence or medical malpractice, and thus did not constitute deliberate indifference to serious medical needs in violation of Eighth Amendment).

### IV.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Davis v. Michigan Department of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990).

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        **HON. LAWRENCE P. ZATKOFF**
                                        UNITED STATES DISTRICT JUDGE

DATED: August 27, 2013