UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

    Plaintiff,                                    Civil No. 2:13-CV-13437-DT
                                                  HONORABLE LAWRENCE P. ZATKOFF
v.                                                   UNITED STATES DISTRICT JUDGE

CARMETA JONES, BRENDA UPTON,
CONNIE IVES, LAURIE FRY, CAREN
ALBERCOOK, and RANDALL HAAS,

    Defendants,
_____/

## **OPINION AND ORDER**

      Presently before the Court is Plaintiff Martin Hagopian's Motion for Reconsideration of this Court's Opinion and Order summarily dismissing his *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Docket #8).

      In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

      As he did when filing his Complaint, Plaintiff merely alleges that Defendant Carmeta Jones

was negligent when she placed his foot in scalding hot water as she "should [have] checked the water before having Plaintiff put his foot in it and should [have] stayed with [Plaintiff] until the foot soaking was done." Therefore, Plaintiff again alleges, at worst, that the defendants were *negligent* in failing to protect Plaintiff from such hazardous conditions. Allegations of negligence, however, do not state a claim for relief under § 1983. *Daniels v. Williams,* 474 U.S. at 332. *See also Jones v. University of Texas Medical Branch Hosp. Galveston,* 236 Fed. Appx. 931, 932 (5th Cir. 2007)(nurse's alleged failure to check on prisoner after applying heat pack, which resulted in burn, constituted at most negligence or medical malpractice, and thus did not constitute deliberate indifference to serious medical needs in violation of Eighth Amendment). As such, Plaintiff's claim remains subject to dismissal because he has merely alleged that the defendants acted negligently in placing his foot into hot water in the basin tub without first determining the water's temperature. Therefore, the Court finds that Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties have been misled.

Accordingly, and for the reasons set forth above, it is **ORDERED** that Plaintiff's Motion for Reconsideration (Docket #8) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: April 8, 2014

2